UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOUSSA DIA,

Petitioner,

v.

KEVIN RAYCRAFT,

Respondent.

Case No. 1:26-cv-3202

Hon. Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond. (Pet., ECF No. 1.) In an order entered on November 10, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondent filed a response on November 16, 2026. (Resp., ECF No. 5.) Petitioner filed a reply on November 19, 2026.[1] (ECF No. 7.)

[1] As Petitioner's reply was timely-filed and accepted on November 19, 2026, the Court denied Petitioner's motion for extension of time to file his reply as moot. (ECF Nos. 8, 9.)

## II. Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in 2023. Op., *Dia v. Raycraft et al.* (*Dia I*), No. 1:26-cv-151, (W.D. Mich. Jan. 30, 2026), (ECF No. 6). On December 24, 2025, Petitioner was arrested by ICE. *Id.*

This is Petitioner's sixth habeas petition. The Court previously described the relevant factual background as follows:

> On January 15, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Dia I*, No. 1:26-cv-151 (W.D. Mich.). In *Dia I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Dia I*, No. 1:26-cv-151 (W.D. Mich. Jan. 30, 2026), (ECF Nos. 6, 7). Petitioner received a bond hearing on February 5, 2026, pursuant to § 1226(a). On March 2, 2026, Petitioner filed a second § 2241 petition in *Dia v. Raycraft et al.* (*Dia II*), No. 1:26-cv-692, (W.D. Mich.), (ECF No. 1), arguing that the burden of proof at the bond hearing was improperly placed on Petitioner, rather than the government. The Court issued an opinion and judgment conditionally granting Petitioner's habeas petition and ordered Respondents to provide Petitioner with a bond hearing where the government had the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. Op. & J., *Dia II*, No. 1:26-cv-692, (W.D. Mich. Mar. 18, 2026), (ECF Nos. 8, 9).
>
> On March 24, 2026, Petitioner received a bond hearing where Petitioner was denied bond. (Resp., ECF No. 7, PageID.25.) Following the hearing, Petitioner filed motion to enforce the judgment in *Dia II*, No. 1:26-cv-692, (W.D. Mich. March 24, 2026), (ECF No. 10), and a third habeas petition in *Dia v. Raycraft (Dia III)*, No. 1:26-cv-963, (W.D. Mich.), (ECF No. 1), and in both, argued that the notice for the bond hearing failed to comply with the Court's order because it had the wrong date of the bond hearing. Therefore, the Court issued an order granting Petitioner's motion to enforce the judgment in *Dia II*, ordering a new bond hearing where Respondents were required to provide adequate notice to Petitioner, Order, *Dia II*, No. 1:26-cv-692 (W.D. Mich. May 8, 2026), (ECF No. 13), and dismissed Petitioner's third habeas petition in *Dia III* without prejudice as moot, Op. & J., *Dia III*, No. 1:26-cv-963 (W.D. Mich. May 14, 2026), (ECF Nos. 9, 10).

Op., *Dia v. Raycraft et al.* (*Dia IV*), No. 1:26-cv-2553 (W.D. Mich. Sept. 29, 2026), (ECF No. 9).

> On May 14, 2026, Petitioner received a bond hearing where Petitioner was denied bond. *Id.* On September 11, 2026, Petitioner filed a fourth § 2241 petition in *Dia IV*, No. 1:26-cv-2553, (W.D. Mich.), (ECF No. 1), arguing that the Immigration

> Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *Id.* The Court issued an opinion and judgment denying without prejudice Petitioner's fourth habeas petition as there was no indication in the record that the Immigration Judge applied an unconstitutional burden of proof. J., *Dia IV*, No. 1:26-cv-2553 (W.D. Mich. Sep. 29, 2026), (ECF No. 10).

Op., *Dia v. Putra et al.* (*Dia V*), No. 1:26-cv-2926 (W.D. Mich. Oct. 27, 2026), (ECF No. 9).

On October 13, 2026, Petitioner filed a fifth petition in *Dia V*, No. 1:26-cv-2926, (W.D. Mich.), (ECF No. 1), again challenging the May 14, 2026, bond hearing. The Court issued an opinion and judgment again denying Petitioner's fifth habeas petition as there was no indication in the record that the Immigration judge applied an unconstitutional burden of proof. Op. & J., *Dia V*, No. 1:26-cv-2926 (W.D. Mich. Oct. 27, 2026), (ECF Nos. 9, 10).

Petitioner filed his sixth and present petition on November 9, 2026. (ECF No. 1.)

## III. Discussion

In Petitioner's present § 2241 petition, Petitioner challenges the December 2025 revocation of his prior release and his continuing detention.[2] (Pet., ECF No. 1.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because it is duplicative and Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 5, PageID.21–24.)

Petitioner's challenge to the legality of his detention was addressed in the Court's opinion in *Dia I*. *See* Op. & J., *Dia I*, (W.D. Mich. Jan. 30, 2026), (ECF Nos. 6, 7). To the extent that Petitioner again claims that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on May 14, 2026, these arguments were

[2] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances pursuant to 8 C.F.R. § 1003.19(e). *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026).

addressed by the Court's opinions in *Dia IV* and *Dia V*. *See* Op. & J., *Dia IV*, (W.D. Mich. Sept. 29, 2026), (ECF Nos. 9, 10); Op. & J., *Dia V*, (W.D. Mich. Oct. 27, 2026), (ECF Nos. 9, 10).

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 25, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE